IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                                                               CHAPTER 13
MONICA A. ADDUCI
A/K/A MONICA ADDUCI                                :    BK. No. 16-18380 JKF
CHRISTOPHER M. LOSCALZO                          :
A/K/A CHRISTOPHER LOSCALZO (NON-FILING CO-   :
MORTGAGOR)                                                               :
                                     Debtors

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **ALLY BANK**, and BRAD J. SADEK, ESQUIRE, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **1616 COPPER BEECH ROAD, HUNTINGDON VALLEY, PA 19006-7764**, mortgage account ending with **"5608"**.

3. The parties agree that the total post-petition arrearage consists of two (2) monthly payments for the months of June 2017 through July 2017 at $4,263.83 each; seven (7) monthly payments for the months of August 2017 through February 2018 at $4,080.42 each; attorney fees and costs in the amount of $1,031.00; less Debtor's suspense in the amount of $3,209.55; resulting in the total post-petition arrearage amount of $34,912.05.

4. Upon execution of this Stipulation, Debtor shall tender funds in the amount of $15,000.00, reducing the post-petition arrearage amount to $19,912.05.

5. Beginning March 1, 2018, Debtor shall commence payment of the regular monthly mortgage payment in the amount of $4,080.42, plus the additional payment in the amount of $3,318.67, for a total monthly payment amount of $7,399.09. The Debtor will continue to pay this amount each month from March 1, 2018 through and including August 1, 2018 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **CENLAR FSB, 425 PHILLIPS BLVD., EWING, NJ 08618.**

6. If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301 ,waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301 ,waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. Debtor's tendering of a check to **CENLAR FSB**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

    10.    The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

    11.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 30, 2018

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
James P. Shay, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

BRAD J. SADEK, ESQUIRE
Attorney for Debtor